■ In the Matter of BECKY L. ARNOLD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [856 NYS2d 300]—

Per Curiam. Respondent was admitted to practice by this Court in 1990. She maintains an office for the practice of law in the City of Binghamton, Broome County.

We grant petitioner's motion to confirm a Referee's report that sustained five charges of professional misconduct against respondent. As set forth in the petition, respondent violated the Appellate Division attorney disciplinary rules by failing to appear at scheduled court proceedings and neglecting client cases, by failing to communicate with her clients, opposing counsel

and Supreme Court, Broome County, by attempting to mislead and deceive said court and petitioner, by failing to comply with a court order, and by failing to cooperate with petitioner in its investigation (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 6-101 [a] [3]; DR 7-101 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.30 (a) (3); 1200.32 (a)]). In aggravation of respondent's misconduct, petitioner cites two prior letters of admonition it issued to her in 2002 and 2005.

We have considered respondent's affidavit in opposition to petitioner's motion as well as her testimony in mitigation and the favorable character affidavits she has submitted. Under all of the circumstances presented, we conclude that, in order to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of six months.

Cardona, P.J., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition of charges, except for specification four of charge II; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).